IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TEVIN WHITE and**
**KAREN WHITE**                                                                                               **PLAINTIFFS**

v.                                                                              CAUSE NO. 1:17CV15-LG-RHW

**KIM EMERSON and**
**ALLSTATE INSURANCE COMPANY**                                              **DEFENDANTS**

## ORDER GRANTING MOTION TO SEVER AND TO PARTIALLY REMAND

**BEFORE THE COURT** is the Motion to Sever and Motion to Partially Remand [5] filed by Defendant, Allstate Insurance Company ("Allstate"). Plaintiffs Tevin White and Karen White (collectively, "the Whites") did not file a response to the Motion. Having considered the Motion and the applicable law, the Court is of the opinion that the Motion should be granted.

### BACKGROUND

The Whites commenced this action in the County Court of Jackson County, Mississippi, naming Kim Emerson and Allstate as Defendants. The claims against Emerson are for damages resulting from a vehicular accident. The claims against Allstate are based on contract and the claims handling process. Allstate argues that the claims are wholly distinct, thus entitling Allstate to a severance. Allstate further argues that once the claims are severed, this Court has diversity jurisdiction over the claims against them as the Whites are citizens of Mississippi and Allstate is incorporated in Delaware and has its principal place of business in Illinois.

1

## DISCUSSION

**Motion to Sever**

Allstate argues that the Whites fraudulently misjoined their claims to avoid removal to federal court. The Fifth Circuit has ruled that the misjoinder of plaintiffs cannot be used to circumvent diversity jurisdiction. *In re: Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002). This Court utilizes Mississippi Rule of Civil Procedure 20 in a fraudulent misjoinder analysis. *See Hampton v. State Farm Mut. Auto. Ins. Co.*, No. 3:15-CV-576-CWR-FKB, 2015 WL 11233043, at *2-3 (S.D. Miss. Sept. 24, 2015). Joinder is improper unless both prongs of Rule 20(a) are satisfied. *See id.*

Rule 20(a) states that joinder is proper when: (1) the right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences, and (2) a question of law or fact common to all defendants will arise in the action. Miss. R. Civ. P. 20(a). In a factually similar case, the Supreme Court of Mississippi, applying Rule 20(a), ruled a third party tort claim against an individual and a first party breach of contract and bad faith claim against the individual's insurance company involved distinct litigable events. *See Hedgwood v. Williamson*, 949 So. 2d 728, 731 (Miss. 2007). The federal courts of Mississippi have applied the *Hedgwood* analysis to matters of fraudulent misjoinder. *See Hampton,* 2015 WL 11233043, at *2-3; *Tolbert v. State Farm Mut. Auto. Ins. Co.*, No. 3:15-CV-0042, 2015 WL 3450524, at *2 (N.D. Miss. May 29, 2015).

The Whites' claim against Emerson is for damages resulting from the accident, a claim based on torts. The Whites' claim against Allstate is based on contract arising out of the subsequent claims handling process. These claims are distinct litigable events. Therefore, the claims should be severed.

**Motion to Remand**

Having severed the diverse claim from the non-diverse claim, the Court may remand one while retaining jurisdiction over the other. *See, e.g.*, *Cartwright v. State Farm Mut. Auto Ins. Co.*, No. 4:14-cv-00057-GHD-JMV, 2014 WL 6959045, at *8 (N.D. Miss. Dec. 8, 2014). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Therefore, the claim by the Whites, Mississippi citizens, against Emerson, a Mississippi citizen, should be remanded to state court as no diversity of citizenship exists. However, the claim by the Whites against Allstate, a Delaware corporation, should remain in this Court.[1]

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [5] Motion to Sever and Motion to Partially Remand filed by Defendant Allstate Insurance Company is **GRANTED**. The above styled and numbered cause, insofar as it

---

[1] The Whites did not plead a specific amount; however, they are asking for an unspecified amount of punitive damages against Allstate, which has been consistently held to exceed the amount necessary for federal jurisdiction. *See, e.g.*, *Sun Life Assurance Co. of Canada (U.S.) v. Fairley*, 485, F. Supp. 2d 731, 734 (S.D. Miss. 2007) (citations omitted).

pertains to the claims against Defendant Kim Emerson, should be and is hereby **REMANDED TO THE COUNTY COURT OF JACKSON COUNTY, MISSISSIPPI.** The claims against Allstate will remain in this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 23rd day of March, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE